WO

```
            ___ FILED      ___ LODGED
            ___ RECEIVED   ___ COPY

                  MAY 17 2010

            CLERK U S DISTRICT COURT
              DISTRICT OF ARIZONA
            BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IN RE Mortgage Electronic Registration Systems (MERS) Litigation

MDL DOCKET NO. 09-2119-JAT

**ORDER**

In the transfer order establishing this consolidated multidistrict litigation ("MDL"), the Judicial Panel on Multidistrict Litigation ("Panel") stated, "IT IS FURTHER ORDERED that claims unrelated to the formation and/or operation of the MERS system are simultaneously remanded to their respective transferor courts." (Doc. #1.) The parties contest which claims in each of the various cases relate to the formation and/or operation of MERS.[1] This Order addresses the following twenty-one cases[2] transferred by the MDL Conditional Transfer Order (CTO-2) and Simultaneous Separation and Remand of Certain Claims. (Doc. #107.)

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
|---|---|---|
| *Shieban* | CV 10-470-PHX-JAT | 2:09-1939 (Nevada) |

---

[1] The parties have fully briefed this issue pursuant to the Court's Order on Practices and Procedures (Doc. #176). Although the parties sought "remand" of certain claims to the transferor court, under Section 1407(a), remands to a transferor court can only be effected by the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407; *see also* R.P.J.P.M.L. 7.6. The Court, thus, stresses that this order is solely a determination of which claims are pending before this Court and which claims remain in their respective transferor courts, pursuant to the Panel's transfer orders.

[2] The additional seventeen cases transferred by the transfer order will be addressed by a separate set of briefing.

| | | | |
|---|---|---|---|
| 1 | *Villa* | CV 10-472-PHX-JAT | 2:09-2161 (Nevada) |
| 2 | *Hall* | CV 10-473-PHX-JAT | 2:09-2233 (Nevada) |
| 3 | *Velasquez* | CV 10-475-PHX-JAT | 2:09-2265 (Nevada) |
| 4 | *Hora* | CV 10-476-PHX-JAT | 2:09-2267 (Nevada) |
| 5 | *Lalatag* | CV 10-477-PHX-JAT | 2:09-2268 (Nevada) |
| 6 | *Whalen* | CV 10-471-PHX-JAT | 2:09-2081 (Nevada) |
| 7 | *Saniel* | CV 10-483-PHX-JAT | 2:09-2290 (Nevada) |
| 8 | *Kwok* | CV 10-484-PHX-JAT | 2:09-2298 (Nevada) |
| 9 | *Berilo* | CV 10-485-PHX-JAT | 2:09-2353 (Nevada) |
| 10 | *Yateman* | CV 10-486-PHX-JAT | 2:09-2376 (Nevada) |
| 11 | *Fitzwater* | CV 10-487-PHX-JAT | 2:09-2400 (Nevada) |
| 12 | *Evans* | CV 10-488-PHX-JAT | 2:09-2401 (Nevada) |
| 13 | *Kartman* | CV 10-489-PHX-JAT | 2:09-2404 (Nevada) |
| 14 | *Bricker* | CV 10-492-PHX-JAT | 2:09-2449 (Nevada) |
| 15 | *Boyd* | CV 10-493-PHX-JAT | 2:09-2456 (Nevada) |
| 16 | *Golding* | CV 10-494-PHX-JAT | 2:10-1 (Nevada) |
| 17 | *Kahalehoe* | CV 10-491-PHX-JAT | 2:09-2414 (Nevada) |
| 18 | *Ene* | CV 10-469-PHX-JAT | 2:08-1550 (Nevada) |
| 19 | *Greene* | CV 10-474-PHX-JAT | 2:09-2246 (Nevada) |
| 20 | *Greene* | CV 10-482-PHX-JAT | 2:09-2273 (Nevada) |

## I. General Interpretation of the Transfer Order

In the initial transfer order, the Panel transferred to this Court all allegations within these actions that "the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable of foreclosures are inappropriate due to MERS's presence as a party" or that otherwise concern "the formation and operation" of MERS. (Doc. #1.) However, the Panel simultaneously remanded unrelated claims to their transferor courts, finding that "plaintiffs' claims relating to loan origination and collection practices do not share sufficient questions of fact with claims regarding the formation and

operation" of MERS and their inclusion "would needlessly entangle the litigation in unrelated, fact-intensive issues." *Id.*

Accordingly, this Court will not retain claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL. Only causes of action that in essence turn on the formation or operation of MERS, no matter how framed, have been transferred to undersigned.

Defendants Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "Moving Defendants") filed a Motion to Remand Claims. (Doc. #230.) Eight responses were filed. Four plaintiffs responded expressing complete agreement with the manner in which Moving Defendants suggested the claims be disposed. (Doc. ##372-75.) Defendants Federal National Mortgage Association ("Fannie Mae") and Federal Housing Finance Agency ("FHFA") responded in apparent agreement with Moving Defendants. (Doc. ##363, 371.) One response by defendants HSBC Mortgage Services and Housekey Financial Corporation (collectively, "HSBC") disagrees as to one claim in one case. (Doc. #366.) Several other defendants[3] ("Responding Defendants") have responded with some different suggested classification of claims. (Doc. #367.) MERS replied. (Doc. #407.)

**II. Claims on Which the Parties Do Not Agree**

Within these "tag-along" actions there are several types of claims over which the parties disagree. Where the parties agree as to the proper determination of a claim, the Court adopts the parties' determination unless otherwise noted.

**A. Unjust Enrichment and Civil Conspiracy**

Plaintiffs assert claims for "unfair enrichment and civil conspiracy" in *Velasquez* (Sixth Claim), *Villa* (Sixth Claim), *Hall* (Fifth Claim), *Hora* (Sixth Claim), *Shieban* (Sixth

---

[3] Countrywide Home Loans; ReconTrust Co., N.A.; ReconTrust Co.; BAC Home Loans Bankruptcy Risk Litigation Management Division; Bank of America; BAC Home Loans Servicing; America's Servicing Co.; and Wells Fargo Bank.

-3-

Claim), and *Lalatag* (Fifth Claim). Responding Defendants argue that the claims in *Velasquez*, *Villa*, *Hall*, and *Hora* should be split, with a part retained and a part remanded. Each claim alleges that defendants defrauded plaintiffs by "charging a higher interest rate" and accepting "kickbacks, profits... and gains and fee unrelated to the settlement services provided at closing" and agreed to engage in a conspiracy to do so.[4]

Moving Defendants argue that these claims were transferred to this Court as the Panel explicitly countenanced that "allegations that the various participants in MERS formed a conspiracy to commit fraud" (Doc. #1 at 2) should be centralized in the MDL. However, the accompanying allegations of higher charges and accepting kickbacks are separable and do not relate to the formation or operation of MERS. Therefore, the claims for unfair enrichment and civil conspiracy in *Velasquez*, *Villa*, *Hall*, and *Hora* will be separated. The allegations of conspiracy have been transferred to the MDL and the allegations of the underlying "unfair enrichment" have been remanded to the transferor courts. To maintain consistency, the Court will also separate the identically worded claims for unfair enrichment and civil conspiracy in *Shieban* and *Lalatag*, with a part retained and a part remanded.

**B. Unjust Enrichment**

Moving Defendants and Responding Defendants disagree about the status of the unjust enrichment claims in *Fitzwater* (Sixth Claim), *Boyd* (Sixth Claim), and *Berilo* (Sixth Claim). Each of these claims arises from defendants' "deceptive scheme" to withhold "the true purpose of the securitization" from borrowers.[5] Thus, while these claims mention loan origination, they share sufficient questions of fact with claims regarding the formation and operation of MERS. Therefore, these claims have been transferred to the MDL.

**C. Fraud in the Inducement**

Moving Defendants and Responding Defendants disagree about the status of claims for fraud in the inducement in *Greene* (Ninth Claim), *Berilo* (Third Claim), *Boyd* (Third

---

[4] *See, e.g.*, CV 10-475-PHX-JAT (*Velasquez*), Doc. #1-2 at 17.

[5] *See, e.g.*, CV 10-487-PHX-JAT (*Fitzwater*), Doc. #1-1 at 40-41.

Claim), *Bricker* (Second Claim), and *Fitzwater* (Third Claim). Moving Defendants argue that these claims have been transferred to the MDL, while Responding Defendants argue that these claims have been split with part of each claim transferred to the MDL and part of each claim remanded to the transferor courts.

Each of these claims contains the allegation that defendants "misrepresented the ability of Plaintiffs to qualify for the loans" and other allegations relating to the loan origination process.[6] But these claims also allege that Defendants failed to disclose that they "had no lawful right to foreclose upon" the properties, failed to notify Plaintiffs that "their obligations on the notes had been discharged," and other allegations related to the operation of MERS.[7]

Moving Defendants are correct that this claim cannot be split. While the MERS-related misrepresentations or the non-MERS-related misrepresentations could each be logically sufficient to establish liability, it may be that only all of the misrepresentations together were sufficient to induce the plaintiffs to enter the contract. As these claims cannot be split, they have been transferred in their entirety to the MDL.

**D. Emotional Distress**

Plaintiffs assert a claim for emotional distress in *Greene* (Seventh Claim). Moving Defendants argue that this claim has been transferred in full, while Responding Defendants argue that this claim should be severed with part transferred and part remanded. As this claim is premised on the illegal actions alleged in all the other claims in the complaint, there is no reason that both this Court and the transferor court ought not consider this claim. Therefore, the claim for emotion distress has been transferred in part and remanded in part.

**E. Claims in *Kwok* and *Saniel***

Responding Defendants argue that plaintiffs' claims in *Kwok* and *Saniel* for "misrepresentation and fraud by omission," "contractual breach of duty of good faith and fair

---

[6] *See, e.g.*, CV 10-487-PHX-JAT (*Fitzwater*), Doc. #1-1 at 26-27.

[7] *Id.*

1  dealing," and "fraud by obtaining signature by false pretenses" have all been remanded and
2  that plaintiffs' claim for "civil RICO and racketeering" in *Saniel* (Sixth Claim) should be
3  split. Both Moving Defendants and the plaintiffs, in their response, argue that all of these
4  claims have been transferred in their entirety to the MDL.

5      These claims are vague. Responding Defendants are correct that these claims could
6  easily be construed to involve loan origination issues that should be remanded. However, the
7  Court will give additional weight to plaintiffs own construction of their claims. Plaintiffs,
8  in their responses, adopted Moving Defendants suggestion that these claims have been
9  transferred to the MDL in their entirety. (Doc. ##374-75.) Therefore, the Court finds that
10 these several claims in *Kwok* and *Saniel* relate to the formation and operation of MERS and
11 will be remain with the undersigned.

12     Accordingly,

13     **IT IS ORDERED** that with respect to *Shieban* (CV 10-470-PHX-JAT), claims 1, 2,
14 and 8 and part of claim 6 remain with the undersigned as part of the MDL and claims 3-5 and
15 part of claim 6 have been remanded to the transferor court.[8] MERS shall file a copy of this
16 Order with the transferor court within the next two business days.

17     **IT IS FURTHER ORDERED** that with respect to *Villa* (CV 10-472-PHX-JAT)
18 claims 1, 2, and 8 and part of claim 6 remain with the undersigned as part of the MDL and
19 claims 3-5 and part of claim 6 have been remanded to the transferor court.[9] MERS shall file
20 a copy of this Order with the transferor court within the next two business days.

21     **IT IS FURTHER ORDERED** that with respect to *Hall* (CV 10-473-PHX-JAT)
22 claims 1, 2, 6, and 7 and part of claim 5 remain with the undersigned as part of the MDL and
23 claims 3 and 4 and part of claim 5 have been remanded to the transferor court. MERS shall
24 file a copy of this Order with the transferor court within the next two business days.

---

[8] The Complaint in *Shieban* does not contain a Seventh Claim.

[9] The Complaint in *Villa* does not contain a Seventh Claim.

**IT IS FURTHER ORDERED** that with respect to *Velasquez* (CV 10-475-PHX-JAT) claims 1, 2, and 8 and part of claim 6 remain with the undersigned as part of the MDL and claims 3-5 and part of claim 6 have been remanded to the transferor court.[10] MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Hora* (CV 10-476-PHX-JAT) claims 1, 2, 8, and 9 and part of claim 6 remain with the undersigned as part of the MDL and claims 3-5 and part of claim 6 have been remanded to the transferor court.[11] MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Lalatag* (CV 10-477-PHX-JAT) claims 1, 2, 6, and 7 and part of claim 5 remain with the undersigned as part of the MDL and claims 3 and 4 and part of claim 5 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Whalen* (CV 10-471-PHX-JAT) the entire case remains with the undersigned as part of the MDL.

**IT IS FURTHER ORDERED** that with respect to *Saniel* (CV 10-483-PHX-JAT) claims 1-3 and 5-9 remain with the undersigned as part of the MDL and claim 4 has been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Kwok* (CV 10-484-PHX-JAT) claims 1-3 and 5-9 remain with the undersigned as part of the MDL and claim 4 has been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Berilo* (CV 10-485-PHX-JAT) claims 2-6, 12, and 13 and part of claims 10 and 11 remain with the undersigned as part of the MDL and claims 1, 7-9, and part of claims 10 and 11 have been remanded to the

---

[10] The Complaint in *Velasquez* does not contain a Seventh Claim.

[11] The Complaint in *Hora* does not contain a Seventh Claim.

1 transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Yateman* (CV 10-486-PHX-JAT) claims 1-5 and part of claims 13 and 14 remain with the undersigned as part of the MDL and claims 6-12 and part of claims 13 and 14 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Fitzwater* (CV 10-487-PHX-JAT) claims 2-6 and part of claims 12 and 13 remain with the undersigned as part of the MDL and claims 1, 7-11 and part of claims 12 and 13 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Evans* (CV 10-488-PHX-JAT) claims 2-6 and part of claims 12 and 13 remain with the undersigned as part of the MDL and claims 1, 7-11 and part of claims 12 and 13 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Kartman* (CV 10-489-PHX-JAT) claims 2-6, 10, and 11 and part of claims 8 and 9 remain with the undersigned as part of the MDL and claims 1 and 7 and part of claims 8 and 9 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Bricker* (CV 10-492-PHX-JAT) the entire case remains with the undersigned as part of the MDL.

**IT IS FURTHER ORDERED** that with respect to *Boyd* (CV 10-493-PHX-JAT) claims 2-6, 14, and 15 and part of claims 12 and 13 remain with the undersigned as part of the MDL and claims 1, 7-11 and part of claims 12 and 13 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

1  **IT IS FURTHER ORDERED** that with respect to *Golding* (CV 10-494-PHX-JAT)
2  claims 2-6, and 8 and part of claim 7 remain with the undersigned as part of the MDL and
3  claim 1 and part of claim 7 have been remanded to the transferor court. MERS shall file a
4  copy of this Order with the transferor court within the next two business days.

5  **IT IS FURTHER ORDERED** that with respect to *Kahalehoe* (CV 10-491-PHX-
6  JAT) claims 5-8 and part of claims 1 and 2 remain with the undersigned as part of the MDL
7  and claims 3, 4, and 9 and part of claims 1 and 2 have been remanded to the transferor court.
8  MERS shall file a copy of this Order with the transferor court within the next two business
9  days.

10  **IT IS FURTHER ORDERED** that with respect to *Ene* (CV 10-469-PHX-JAT)
11  claims 6 and 9 and part of claims 7, 8, and 10 remain with the undersigned as part of the
12  MDL and claims 1-5, 11, and 12 and part of claims 7, 8, and 10 have been remanded to the
13  transferor court. MERS shall file a copy of this Order with the transferor court within the
14  next two business days.

15  **IT IS FURTHER ORDERED** that with respect to *Greene* (CV 10-474-PHX-JAT,
16  CV 10-482-PHX-JAT) claims 4-6, 8, and 9 and part of claims 7 and 10 remain with the
17  undersigned as part of the MDL and claims 1-3 and part of claims 7 and 10 have been
18  remanded to the transferor court. MERS shall file a copy of this Order with the transferor
19  court within the next two business days.

20  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this
21  Order in each member case listed on pages 1-2.

22  **IT IS FURTHER ORDERED** that Defendant Fidelity National Title Insurance
23  Company's Motion to Dismiss (Doc. #402) is **DENIED** without prejudice to refiling a
24  motion addressing only the claims retained in the MDL.

25  **IT IS FURTHER ORDERED** that Defendant Chicago Title's Motion to Dismiss
26  (Doc. #403) is **DENIED** without prejudice to refiling a motion addressing only the claims
27  retained in the MDL.

28

**IT IS FURTHER ORDERED** that with respect to any claims that are staying with this Court, Defendants shall answer or otherwise respond to those claims within the time limits set in the Initial Practice and Procedure Order (Doc. #25); with respect to any claims that have been remanded to the transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case, the order of the transferor court shall control.

**IT IS FURTHER ORDERED** within 5 days of this Order, MERS shall file all documents related to a case bifurcated herein into the record of the transferor court in that particular case. (Because this Court will not transfer the entire MDL file and docket to any individual transferor court, this will insure the Judge in the transferor court has a complete record for that specific case).

DATED this 17th day of May, 2010.

_____
James A. Teilborg
United States District Judge

I hereby attest and certify on 5-17-10 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
By_____ Deputy